ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID GONZALEZ, ) | |
| ) | CASE NO. 1:04CR328 |
| Plaintiff(s), ) | |
| ) | |
| v. ) | Judge John R. Adams |
| ) | |
| UNITED STATES OF AMERICA, ) | FINDINGS OF FACT AND |
| ) | CONCLUSIONS OF LAW |
| Defendant(s). ) | |
| ) | |

The Government's case against Defendant David Gonzales was tried to a jury from April 11, 2005 through April 15, 2005. At the conclusion of deliberations, the jury returned a guilty verdict against Defendant. They found that Defendant intentionally possessed a controlled substance with the intent to distribute it in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A). They also found that the amount of cocaine involved was five kilograms or more.

During the trial, the Government filed its Superseding Information giving notice of its intent to invoke the increased sentencing provision of 21 U.S.C. § 841(b). According to the Government, Defendant had been convicted of at least two prior felony drug offenses. The Court held a hearing on this issue. At the conclusion of the hearing, which spanned a two-day period from July 13, 2005 through July 14, 2005, the Court sentenced Defendant to the Bureau of Prisons for a term of life imprisonment with no supervised release and remanded him to the custody of the U.S. Marshal.

The matter is now before the Court pursuant to 21 U.S.C. § 851(c)(1) because Defendant has

requested that the Court enter its Findings of Fact and Conclusions of Law on his increased sentence. The Court has considered the briefs, the arguments of counsel, the exhibits introduced, and being otherwise advised in the premises, herein enters its Findings of Fact and Conclusions of Law.

## I. Findings of Fact

1. On June 23, 2004, a federal grand jury indicted Defendant, charging him with one count of Possession with Intent to Distribute Cocaine, in excess of five kilograms, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).

2. On April 12, 2005, the Government filed its Superseding Information regarding prior convictions pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851(a)(1). In the Superseding Information, the Government gave notice that it would seek to invoke the increased sentencing provisions of 21 U.S.C. § 841(b) if Defendant was found guilty of the offense alleged in the Indictment.

3. The Government relied on what it deemed Defendant's two prior "felony drug offenses" and argued that the penalty enhancement provisions of 21 U.S.C. § 841(b)(1)(A) required a mandatory minimum of life imprisonment. Specifically, the Government relied on the following convictions:

> (A) Conspiracy to Possess with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846, case number 1:95CR00010-037, in the United States District Court, Western District of New York, on or about April 1, 1998; and,

> (B) Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), case number 1:96CR00133-001, in the United States District Court, Western District of New York, on or about April 1, 1998.

4. On June 23, 2005, Defendant filed his denial of the allegations in the Superseding Information and he requested a hearing pursuant to 21 U.S.C. § 851(c). In his denial, Defendant did not dispute the Government's allegations regarding his prior convictions. Rather, he asserted that the two convictions "occurred as a continuing course of conduct" and that the "offenses merged for sentencing purposes."

5. The conduct giving rise to Defendant's conviction for Conspiracy to Possess with Intent to Distribute Cocaine occurred on or about May 24, 1995 when Defendant delivered a 1985 Mazda RX-7, along with its keys and title, to Vidal Regalado in payment for a quantity of cocaine that was previously provided to Defendant. (Joint Ex.1).[1]

6. The conduct giving rise to Defendant's conviction for Possession with Intent to Distribute Cocaine occurred on or about July 19, 1995 when Defendant knowingly, intentionally and unlawfully possessed cocaine with the intent to distribute. (Joint Ex. 2).

7. Defendant was charged by Indictment on the Conspiracy to Possess with Intent to Distribute Cocaine offense and by Information on the Possession with Intent to Distribute Cocaine offense. Each offense was separately charged and each offense was given its own case number. (Joint Ex. 1, 2).

8. Defendant pled guilty to each of the aforementioned offenses pursuant to the same Plea Agreement. Defendant pled guilty to the Indictment on the conspiracy charge and he pled guilty to the Information on the possession charge. The Plea Agreement set forth the factual basis for

---

[1] The exhibits to which the Court cites were submitted at the two-day sentencing hearing.

3

the entry of the pleas. (Joint Ex. 4). The following facts are recited in the Plea Agreement:[2]

> (A) Beginning in the summer of 1994 and continuing into 1995, Defendant knowingly, intentionally and unlawfully agreed to purchase cocaine and did purchase cocaine from Paul Almanzar-Vargas (an unindicted co-conspirator) and others in Buffalo, New York. Defendant sold this cocaine to others on several occasions. He also purchased cocaine on a regular basis and supplied his regular customers. The money he received from these purchases enabled him to purchase more cocaine from Mr. Almanzar-Vargas.
>
> (B) On or about July 19, 1995, Defendant knowingly, intentionally and unlawfully sold approximately two ounces of cocaine (54.4 grams) to another individual in exchange for $2000.00 in U.S. currency. This transaction took place at 380 Colvin Avenue in Buffalo, New York.

9. Defendant's convictions were memorialized as part of the same Amended Judgment Entry, which referenced the individual case numbers for each of the offenses with which he was charged.[3] Defendant was sentenced to a term of "24 months on each count to be served concurrently." (Gov't Ex. 1).

## II. Conclusions of Law

1. Title 21 of the United States Code makes it unlawful "to manufacture, distribute, or dispense, or

---

[2] The Plea Agreement does not mention the May 24, 1995 date, as does the Indictment. Although the Plea Agreement does make mention of Defendant's activities on this date – delivering the car to Vidal Regalado as payment for a quantity of cocaine – it leaves out this date and also mentions Defendant's recurring conduct in relation to the conspiracy, i.e. that he purchased cocaine on a regular basis and supplied his regular customers. Nevertheless, the Court's conclusion that the offenses were not related remains unchanged.

[3] The Amended Judgment Entry states that Defendant pled guilty to Count II of the Superseding Indictment, yet in a footnote, it states that the Government dismissed Count II of the Superseding Indictment. After examining the Plea Agreement, the Court finds that this was an apparent clerical error because the Plea Agreement states that Defendant pled guilty to Count II of the *Second* Superseding Indictment and that the Government agreed to dismiss Count II of the Superseding Indictment. In other words, the Amended Judgment Entry incorrectly stated that Defendant pled guilty to the Superseding Indictment when in fact he pled guilty to the *Second* Superseding Indictment.

       possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1).

2. The code also requires a penalty enhancement that results in a mandatory minimum sentence of life imprisonment for anyone who is convicted of knowingly and intentionally possessing with intent to distribute cocaine when two conditions adhere. 21 U.S.C. § 841(b)(1)(A). First, the offense must have involved the threshold amount of the controlled substance (five kilograms or more). *Id.* Second, the offense must have occurred "after two or more prior convictions for a felony drug offense have become final." *Id.*

3. In order to invoke the enhanced penalty provisions, the Government must comply with the procedure set forth in 21 U.S.C. § 851(a), which requires the filing of an information setting forth the prior convictions that will be relied upon. Upon the denial of any allegation of the information of a prior conviction, or a claim that any conviction alleged is invalid, the Court shall hold a hearing to determine any issue that would except the defendant from increased punishment. *Id.* at § 851(b)(c). Here, Defendant did not deny the fact or validity of the convictions. Rather, he asserted that the convictions occurred as a continuing "course of conduct" and therefore should be treated as one conviction for sentencing purposes.

4. The Sixth Circuit has adopted the "multiple criminal episode standard" for the application of 21 U.S.C. § 841(b)(1)(A). *United States v. Hughes*, 924 F.2d 1354, 1361 (6th Cir. 1991) (following *United States v. Blackwood*, 913 F.2d 139 (4th Cir. 1990)). Under this standard, a separate criminal episode is one that is distinct in time. *Id.* "An episode is an incident that is part of a series, but forms a separate unit within the whole. Although related to the entire

5

course of events, an episode is a punctuated occurrence with a limited duration." *Id. See also United States v. Roach*, 958 F.2d 679, 684 (6th Cir. 1992) (applying *Hughes* to 18 U.S.C. § 924(e) and finding that the appellant's offenses, which were committed on three different days, did not constitute a single criminal episode); *United States v. Goins*, No. 01-5642, 2002 WL 31724786 at *5 (applying *Hughes* and finding that the appellant's convictions for drug sales, which took place on separate dates approximately six weeks apart, were distinct criminal episodes for purposes of sentencing under 21 U.S.C. § 841(b)(1)(A)).

5. Other circuits apply the same standard, which mandates that "[t]wo prior felony drug convictions should be treated as one *if and only if* the conduct underlying both convictions was part of a 'single criminal episode.'" *United States v. Powell*, 404 F.3d 678, 682 (2d Cir. 2005) (emphasis in original). "Any other construction would be at odds with both the plain language of the statute – two means two – as well as with Congress' recognized goal in enacting mandatory minimum sentences for recidivist drug offenders." *Id.* (citation omitted).*See also United States v. Rice*, 43 F.2d 601, 605-06 (11th Cir. 1995); *United States v. Pace*, 981 F.2d 1123, 1132 (10th Cir. 1992); *United States v. Blackwood*, 913 F.2d 139, 145-45 (4th Cir. 1990).

6. Here, Defendant bases his argument – that his two prior convictions should be treated as one for the purpose of sentencing enhancement – on the fact that the conduct giving rise to the Possession with Intent to Distribute Cocaine charge (Case No. 1:96CR000133-001) is close in time and similar to the conduct in the charge for Conspiracy to Possess with Intent to Distribute Cocaine (Case No. 1:95CR00010-037). Defendant also points to the following as evidence

6

that the two convictions arose out of a single course of conduct: (1) he was arrested on the same date for both offenses; (2) both prior convictions were resolved as part of the same Plea Agreement; (3) The Amended Judgment Entry reflected both convictions; and, (4) the probation officer treated both convictions as one for purposes of his criminal history category when computing the advisory guideline range.

7. Addressing Defendant's technical arguments first – that he was arrested on the same date for both offenses, both prior convictions were resolved as part of the same Plea Agreement, and only one judgment entry was filed – the Court finds that these facts do not automatically require the conclusion that the offenses were related. First, although Defendant was arrested on the same date for both offenses, the offenses (as the Court will discuss below) were committed on different dates. Second, although both convictions were resolved simultaneously through the same Plea Agreement and Amended Judgment Entry, both the Plea Agreement and Amended Judgment Entry reference the offenses as distinct. To explain, the Plea Agreement specifically states that Defendant agreed to plead guilty to Count II of the Second Superseding Indictment for one offense and that he agreed to waive indictment and plea to the Information for the second offense. As well, the Amended Judgment Entry references the fact that each offense had a separate case number.

8. Defendant also received a concurrent sentence, which indicates that these were two separate sentences in two separate cases. Otherwise, there would likely be only one sentence as opposed to two sentences that run either concurrently or consecutively. *See generally United States v. Anderson*, 76 F.3d 685, 691 (6th Cir. 1996) ("[The] defendant's receipt of

concurrent sentences for . . . prior felony convictions does not mean that the convictions were part of the same criminal episode.").⁴

9. The Court also finds Defendant's argument – that the probation officer treated both convictions as one for purposes of his criminal history category when computing the advisory guideline range – equally unpersuasive. The Court is not bound by the manner in which a probation officer groups offenses. A probation officer's report serves merely to advise the Court of a defendant's criminal history and the probation officer's recommendations do not bind the Court. *See U.S. v. Hutzenlaub*, No. 90-3405, 1991 WL 66052 at *4 (6th Cir. April 29, 1991) (noting that a sentencing judge is not bound by a probation officer's recommendation).

10. More importantly, though, is the Court's conclusion that the two offenses were separate criminal episodes that were distinct in time. Despite Defendant's argument to the contrary, both the facts of the case and the applicable law require a finding that the offenses were not part of the same criminal episode. First, the offenses occurred on different dates. Defendant's role in the conspiracy, as noted in the Indictment, occurred on May 24, 1995. The second offense – possession with the intent to distribute – occurred on July 19, 1995. While each one may have been part of a series, they each formed a separate unit within the whole and each episode, although perhaps related to the entire course of events, was a punctuated occurrence with a

---

⁴ While the Court recognizes that the law regarding computation of a defendant's criminal history category is not applicable, it does find persuasive the fact that the Sixth Circuit – and the majority of circuit courts – in applying the guidelines, did not consider prior convictions related merely because the defendant was sentenced to concurrent time on the same date and by the same judge. *United States v. McAdams*, 25 F.3d 370, 375 (6th Cir. 1994) (citations omitted).

8

limited duration. *Hughes*, 942 F.2d at 1361.  Even assuming that Defendant's role in the conspiracy was not limited solely to his activities on May 24, 1995, the Court still views the offenses as separate and distinct because they "occurred at different times, at different places, and with different people." *Anderson*, 76 F.3d at 691.

## V.  Conclusion

After having made its Findings of Fact and Conclusions of Law, this Court hereby sentences Defendant to life imprisonment.  The Court recognizes the seriousness of this sentence and realizes that the length of the sentence may appear harsh given Defendant's age.  Congress, however, has mandated that repeat offenders be punished for their recidivism.  Defendant has made his livelihood as a drug trafficker.  His conduct is serious and his actions have, in all likelihood, impacted the lives of many, many individuals.  The repetition of Defendant's criminal conduct, therefore, aggravates his guilt and justifies this penalty.

IT IS SO ORDERED.

| | |
|---|---|
| __September 13, 2005__ | __/s/ John R. Adams__ |
| Date | John R. Adams |
| | U.S. District Judge |