# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| DAVID GONZALEZ, | ) | CASE NO. 1:08CV1707 |
| | ) |       1:04CR328 |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | <u>ORDER</u> |
| UNITED STATES OF AMERICA, | ) | [RESOLVING DOCS. 1 & 123] |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court upon Petitioner David Gonzalez' *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  Case No. 1:04CR328, Doc. 123; Case No. 1:08CV1707, Doc. 1.  The Court has been advised, having reviewed the petition and the underlying record in Gonzalez' criminal case.  For the reasons set forth below, Petitioner's motion is DENIED.

## I. Facts

On May 27, 2004, Officer Shannon Vachet executed a traffic stop on a vehicle being driven by Gonzalez.  Vachet pulled the vehicle over after witnessing it weave between lanes and change lanes without a signal, both traffic violations.  Vachet then had Gonzalez step out of the vehicle while he issued him a warning for the traffic violations.  After issuing the warning, Vachet informed Gonzalez that he could leave the scene.  Instead, Gonzalez remained and engaged in a conversation with the officer about the weather.  During that conversation, Vachet mentioned that he ordinarily asks a driver if they have anything illegal in his/her vehicle.  Gonzalez responded to this question by asking if Vachet would like to search the vehicle.  Vachet responded in the affirmative and again

*Gonzalez v. U.S.*
1:08CV1707

clarified that Gonzalez was consenting to a search.  Gonzalez again indicated his consent and Vachet

searched the vehicle.

During the search, Vachet noticed a piece of molding in the cargo area of the vehicle that was

not properly aligned.  Vachet pressed slightly and the molding gave way.  Behind the molding in the

speaker well of the vehicle, Vachet observed bricks that appeared to contain kilograms of cocaine.

Gonzalez was then placed under arrest, the car was towed, and a search warrant was obtained.  The

search warrant was executed and cocaine was found in the vehicle.

On June 23, 2004, a federal grand jury indicted Petitioner on one count of possession with

intent to distribute cocaine in violation of 18 U.S.C.  §  841.  Counsel was appointed and moved to

suppress the evidence against Gonzalez on August 17, 2004.  On February 10, 2005, with that

motion pending, Gonzalez terminated that attorney and received permission to proceed *pro se*.  With

Gonzalez proceeding as his own attorney, a hearing on the motion to suppress was held on March

21, 2005.  At the conclusion of the hearing, the Court orally denied the motion to suppress.  On April

11, 2005, Gonzalez's newly obtained counsel entered an appearance and the matter proceeded to trial

that day.  At the conclusion of the trial, Gonzalez was convicted by a jury.  Based on his prior drug

conviction, Gonzalez was sentenced to life in prison on September 13, 2005.

Gonzalez timely appealed his conviction to the Sixth Circuit.  On January 9, 2008, Gonzalez'

conviction and sentence were affirmed.  *See U.S. v. Gonzalez*, 512 F.3d 285 (6th Cir. 2008).  On July

16, 2008, Gonzalez filed this petition, challenging his sentence.  Specifically, Gonzalez asserts that

his trial counsel was ineffective for failing to have the evidence against him suppressed.  The Court

finds no merit in this contention.

2

*Gonzalez v. U.S.*
1:08CV1707

## II. Law and Analysis

Initially, the Court notes that Gonzalez' challenge is improper. Gonzalez conducted, *pro se*, the evidentiary hearing in support of the motion to suppress filed by his original counsel. Thus, any deficiencies in that hearing cannot form the basis of a Sixth Amendment violation. *See U.S. v. Smith*, 907 F.2d 42, 45 (6th Cir. 1990) (noting that when a defendant has properly waived counsel, "he cannot complain about the quality of his own defense by arguing that it amounted to ineffective assistance of counsel.").

The standard for ineffective assistance of counsel is a two-part test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Petitioner must show that his counsel's performance was deficient. *Id*. at 687. Counsel must not merely have erred, but erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment." *Id*. Second, Petitioner must show that his counsel's deficient performance actually prejudiced his defense. *Id*. To do so, Petitioner must show that his counsel's conduct deprived him of a fair trial and that the result of the trial is therefore unreliable. *Id*.

A. Counsel's Failure to Gain Suppression of the Evidence

To the extent that Gonzalez' motion could be construed as a challenge to the adequacy of his original counsel's motion to suppress, the Court finds no merit in the arguments raised therein.

In his motion, Gonzalez asserts that his consent was obtained following an unlawful continued detention. Gonzalez alleges that the traffic stop was completed and that any subsequent

3

*Gonzalez v. U.S.*
1:08CV1707

questioning by the officer constituted an unlawful detention. The Sixth Circuit has rejected such an argument.

> A law enforcement officer does not violate the Fourth Amendment merely by approaching an individual, even when there is no reasonable suspicion that a crime has been committed, and asking him whether he is willing to answer some questions. This includes a request for consent to search the individual's vehicle. And, this consent is not vitiated merely because the valid suspicion of wrongdoing for which an individual has been stopped proves to be unfounded or does not result in prosecution *and the individual is free to go before being asked*. Of course, when a law enforcement officer no longer has any reasonable suspicion of criminal activity, the detained individual is constitutionally free to leave, and if the officer rejects the individual's indication that he would like to leave, valid consent can no longer be obtained.

*U.S. v. Erwin*, 155 F.3d 818, 823 (6th Cir. 1998) (internal citations omitted and emphasis added).

In the instant matter, Gonzalez does not dispute that probable cause existed to support the initial traffic stop. Instead, he contends that the duration of that stop was unlawful. This argument is rejected based upon the evidence introduced during the suppression hearing in this matter. Officer Vachet testified clearly that Gonzalez was informed that he was "free to leave from the traffic stop." Suppression Hearing Transcript at 26 (Mar. 21, 2005). Gonzalez, however, made no attempt to leave. Vachet then spoke with him about the weather and indicated that generally he asked each driver whether his/her vehicle contained anything illegal. This prompted Gonzalez to ask if Vachet would like to search the vehicle. Vachet then verified that Gonzalez was consenting to a search. Thereafter, Vachet searched the vehicle and found what appeared to be cocaine behind the speakers in the cargo area of the vehicle.

Based upon the uncontradicted evidence presented from the officer, there was no unlawful continued detention. Gonzalez was told that he was free to leave before Vachet even mentioned the

4

*Gonzalez v. U.S.*
1:08CV1707

idea of searching the vehicle.  Moreover, Vachet was not standing in a way that would have prohibited Gonzalez from leaving the area.  Consequently, the Court finds that there was no continued detention.  Rather, once Gonzalez was told that he was free to leave, he engaged in a consensual encounter during which he offered to have the vehicle searched.  Gonzalez therefore has failed to demonstrate a Fourth Amendment violation.  Accordingly, he has failed to demonstrate that his counsel was deficient.

To the extent that Gonzalez challenges the factual finding that he consented to the search, the record again resolves such a claim.  Officer Vachet testified unequivocally that Gonzalez consented to the search, and the Court heard no evidence to the contrary.  The record, therefore, establishes that Gonzalez consented to the search.

B. *Brady* claim

Gonzalez also appears to argue that the Government failed to provide him with exculpatory evidence.  Gonzalez alleges that the Government failed to produce any dash cam footage of the stop, thereby requiring the Court to rely on the officer's testimony.  Gonzalez does not state a valid claim.  The testimony from Vachet revealed that the dash cam on his cruiser was not operational during the stop in question.  Accordingly, there is no alleged exculpatory evidence that was not provided during the course of these proceedings.

5

*Gonzalez v. U.S.*
1:08CV1707

### III. Conclusion

For the reasons stated above, Petitioner David Gonzalez' Motion to Vacate, Set Aside, or Correct Sentence pursuant to  28 U.S.C. § 2255 is hereby DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.


IT IS SO ORDERED.



 August 18, 2008                              */s/ John R. Adams*
Date                                         John R. Adams
                                             U.S. District Judge

6