David Gonzalez,
c/o Reg. No. [07926-055],
F.C.I. Berlin,
One Success Loop Rd., P.O. BOX 9000,
Berlin, New Hampshire [03570]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO (AKRON)

DAVID GONZALEZ,
Petitioner,

v.,

UNITED STATES OF AMERICA,
Respondents.

Case: 1:04-CR-00328

FILED

FEB 1 4 2022

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

## SUPPLEMENTAL BRIEF
### TITLE 18 U.S.C. SECTION 3582(c)(1)(B), and/or (c)(2)
### PURSUANT TO FIRST STEP ACT SECTION(S) 401(a)(1), (a)(2)(A)(i)

Now comes, David Gonzalez, here-in-after "Petitioner" on his own behalf, to move this Court by way of Title 18 U.S.C. Section 3582(c)(1)(B), (c)(2), pursuant to First Step Act section(s) 401(a)(1), (a)(2)(A)(i), and current pending Compassionate Release, and Seller's Claim on public record, citing Urbina v. Thomas, 270 F.3d 292, 295 (6th Cir. 2001), requesting less stringent standard;

### FACTUAL BACKGROUND

- Petitioner was charged for Possession with Intent to distribute Cocaine on or about May 27, 2004, for driving through Ohio, and ultimately sentenced to life pursuant to 18 U.S.C. section 3559 sentencing procedure;

- Petitioner was sentenced to life imprisonment without parole, by utilizing a prior conviction with two docket numbers from New York State, dating back to 1995-1996;

### AFFIDAVIT

I, David Gonzalez, Petitioner, do hereby state, that I am above the age of 21, competent to state the following facts, to be asserted for the public record:

1. Petitioner charges for docket entry 1:04-CR-00328, carry a 10 year mandatory minimum, and was enhanced by utilizing dockets 95-CR-10, and 96-CR-133, charges stemming from a prior case in New York State;

2. Petitioner in 95-CR-10, which cite overt acts of a single conspiracy, which overt acts stem from a one unindicted Paul Almanzar-Vargas, remained un-indicted being he helped place charges on Vidal Regalado, which then Vidal Regalado was used by Federal authorities to wear a wire against Petitioner to solicit him for a money debt supposedly owed to unindicted Paul Almanzar-Vargas, individuals whom where much older than Petitioner, and regretfully, Petitioner gave a 1985 Mazda RX-7, and then with such car, such transaction was considered bartered payment for a drug transaction with no date;

3. Petitioner in 96-CR-133, which cite overt acts within same single conspiracy, which overt acts stem from a sale made to a confidential informant, whom Petitioner supposedly sold 2 ounces of cocaine, with no money transaction;

4. Petitioner, back 26 years ago was 21 years of age, used as a pawn, by then 30 to 40 year older men to lower their sentences, for acts Petitioner was merely seduced into, and thus is the basis which molded Petitioner conviction to take his

current charges and not do to other's as was done to him, and now realized he was favored back then, not only because his charges where merely enticed by co-conspirators, but was blessed to have a friend of the family be a friend of the Court, and was granted favor without having to wear a wire on someone, or help place charges on someone for it, and merely plead guilty to the charges as seen on plea agreement cited in this Public Record in docket entry 87 (see Exhibit attached copy of plea), and ultimately only serving 6 to 8 months in prison;

5. Petitioner, now regretfully in this instance, based on his compassion to help and lack of cognitive and rational thinking skills when he was 30 years old in 2004 (has identified, analyzed and developed since as explained below in line 8) currently charged for serious offense, is now serving a life sentence based on the drug amount, plus enhanced with both docket entry(s) 95-CR-10 and 96-CR-133, dockets which are related, one being a indictment charge 95-CR-10, and 96-CR-133 which was not taken to the grand jury but was added later as information, which both overt acts fell within the timeline of same conspiracy in New York State, which based on minimum role, family friend being a friend of the Court, Petitioner served only 6 to 8 months in prison, which drug offense's no longer qualifies, as Petitioner did not serve over one year in prison for docket(s) 95-CR-10 and 96-CR-133 a now requisite factor pursuant to First Step Act section(s) 401(a)(1), (a)(2)(A)(i);

6. Petitioner asserts for the record as character assessment and development, that he is now a Patent Pending Inventor which currently has filed a expedited claim, being that such invention may drastically contain not only current Pandemic, but as well, help curve the unemployment crisis, by utilizing said invention to send out individuals just as Google Earth does to scan the Country of Covid19 or any variant thereof, that being combined Crisis is also causing collateral consequences in individuals mental and emotional state of mind, (see Exhibit Application 16/501,746 filed 6/04/2019);

7. Therefore, based on the above mention, Petitioner request that this Court move on the behalf of his current pending claim of Compassionate Release, Seller's Claim requesting correction of record, now First Step Act claim pursuant to section 401, being 401 is not retroactive, but in light of considering that one purpose of the First Step Act is "to promote rehabilitation of prisoners and unwind decades of mass incarceration", by way of Title 18 U.S.C. (c)(1)(B) and/or (c)(2), and grant him any and all relief based on facts that he may be entitled to, and claims (c)(1)(B) and/or (c)(2) being he was arrested on May 27, 2004 when the guidelines where mandatory, and safeguarded by Ex Post Facto protections, also he was sentenced to statutory Title 18 U.S.C. 3559, instead of law in effect on day of arrest, which places Petitioner in both categorical positions to receive drug minus two and current applicable statutory law, citing to support his 18 U.S.C. section 3582 claim pursuant to First Step Act, Dillon v. United States, 560 U.S. 817 (2010), the analogy of Dillon breaks down when one considers that sentence reductions under the First Step Act are authorized by section 3582(c)(1)(B), the Sixth Circuit plainly has held that the First Step Act does not require plenary resentencing, United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019) that is because the Court reach the sentence adjustments authorized by the First Step Act as sentence "reductions" authorized by 18 U.S.C. section 3582(c), not "resentencing";

8. Petitioner as well for the record, at the age of 7, he heard a loud bang outside, ran to the window to see if it was fireworks, instead (pause) he saw his Dad laying on the concrete floor foaming out of his mouth, laying lifeless (pause) he was shot and murdered in front of his living room window, and says that to say, the very person that was suppose to teach him, lead him, and help build his cognitive and rational thinking skills was taken from him at 7, creating a neurological alteration, making him develop excessive protective instincts, and once a person is consider in danger or trouble, Petitioner deviates to fight or flight nervous system, turning off all rational and cognitive thought process, and thus, now at 47, realize he to must be there for his children, and now Grand Children, to help them develop their mind state to avoid this horrific cycle many young men and young woman face in life for being fatherless, and believe his almost 17 years of clear conduct of not engaging in any drug use, sale, or possession, gives merit that he not only reject illegal and unlawful drugs, but detest them, because his moral conviction not only rejects illegal drugs, but legal drugs such as Mono-Sodium Glutamate which is known to cause Pancreatic instability, lowering and hindering adequate insulin distribution, ultimately causing what is now called Diabetes, which not only our society effects adults, which die daily, but Children as well;

9. Petitioner asserts for the record, if all parties involved and Court deems appropriate, that if Court does consider and decide's to Grant relief to remove docket(s) 95-CR-10 and 96-CR-133 from off the Public Record pursuant to all claims mention above, Petitioner agrees for the purposes of sentence reduction for current charges of docket 1:04-CR-00328, to receive a 10 year sentence or lower based on drug minus two, and a 3 years supervised released, without Petitioner being present in Court, in respect of time and safety to all parties, and that upon such relief, Petitioner would then exceed the time line, time served, and therefore humbly request to be immediately released, citing United States v. Smith, 958 F.3d 494, 498 (6th Cir. 2020)(cited Federal Rule of Criminal Procedure 43, which requires that a defendant must be present at sentencing, but that he need not be present where the proceedings "involves the correction or reduction of sentence under ... 18 U.S.C. section 3582(c)"), see also Alexander, 951 F.3d at 708, which upon Petitioners release, he may then go tenaciously to utilize his years of owning a Telecommunication Company, combined with his Medical Lab Technician work history, and bring forth Body Guard Tech Solutions, a company registered in Ohio State;

10. In closing: A man is not the sum of his failures, Don King served around 11 years for murder, and went out to be a prolific Boxing Promoter, Nelson Mandela served 27 years, and was poised to hold the position of a President, Joseph in scripture, served around 13 years in slavery together with prison time, to then become second in command of Egypt, back then, the most powerful Kingdom in the world, as to say, the Vice President of the United States, and Joseph not only served, but help safeguard a famine that would of literally killed them all, and likewise, I claim, in sound mind, conviction, sincerity and truth, that I David Gonzalez, once released, my name will be changed to David Liberty, for it will be a new dawn, a new chapter in my life, and just as mention of those above, utilize my God given talent's for the good to help bring forth not only a invention that will help safeguard our Country but all those around the world, with both Body Guard Tech Solutions, but also Matthew 5:16, a device I've yet to patent, a device that will literally help safeguard our earth by reducing the need of gasoline and fossil fuels to power our Homes, Automobiles, Boats, Planes, a device cost effective enough to offer heated streets and sidewalks, indoor farming, for regions with inclement weather, a device that offers such and so forth;

I, David Gonzalez, do declare and affirm that the above mention is true, correct and complete, to the best of my ability, under penalty of perjury, pursuant to Title 28 U.S.C. section 1746;

Executed: 2/02/2022

Respectfully,

/s/ _____
David Gonzalez

CERTIFICATE OF SERVICE

I, David Gonzalez, sent a copy of this petition to the Clerk of Court, for the United States District Court in 2 South Main Street, Room 568, Akron Ohio 44308, and humbly request to serve all parties and current or previous claims attributed to this document;

I, David Gonzalez, do declare at the above mention is true, complete and not misleading, under penalty of perjury, pursuant to Title 28 U.S.C. 1746;

Executed: 3/08/2021

Respectfully,

/s/ _____
David Gonzalez